FILED
2017 Aug-18 PM 03:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LACOSTA SANDERS WARREN, ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| v. ] | 2:16-cv-00910-KOB |
| ] | |
| EMERALD POINTE APARTMENTS, ] | |
| ] | |
| Defendant. ] | |
| ] | |
| ] | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court on "Plaintiff's Amended Motion to Reconsider the Court's Order of December 22, 2016." (Doc. 9). The court dismissed Ms. Warren's appeal from Bankruptcy Court on October 21, 2016 for failure to prosecute; denied her Motion to Reinstate on December 22, 2016; and denied her Motion to Reconsider on January 25, 2017. (Docs. 4, 6, 8).

Like her previous motions, Ms. Warren's current request for reconsideration does not rise to a level warranting relief under Federal Rule of Civil Procedure 60. Ms. Warren apparently brings her motion under Rule 60(b)(6), which permits a court to grant relief from a final order for "any other reason [other than those specifically listed in Rule 60(b)] that justifies relief." FED. R. CIV. P. 60(b)(6). The Eleventh Circuit has stated that 60(b)(6) should be reserved for extraordinary situations. *See Doe v. Drummond Co., Inc.*, 782 F.3d 576, 612 (11th Cir. 2015) (citation omitted) ("To warrant relief under Rule 60(b)(6), not only must Plaintiffs show

1

'sufficiently extraordinary' circumstances, but also 'that absent such relief, an "extreme" and "unexpected" hardship will result.'"); *S.E.C. v. Simmons*, 241 F. App'x 660, 662–63 (11th Cir. 2007) (citation omitted) ("Relief under Rule 60(b)(6) is available only 'upon a showing of exceptional circumstances.'"). In her motion, Ms. Warren asks the court "to reconsider the true exceptional circumstances." (Doc. 9 at 2).

Most of Ms. Warren's arguments pertain to her underlying claim—that Defendant wrongfully evicted her while her Chapter 13 bankruptcy was pending—and do not address the court's dismissal of her case for failure to prosecute or the court's denial of her previous Rule 60 motions. In support of her motion, Ms. Warren submits an unfiled "Emergency Motion for Per Diem Funds on Appeal" she allegedly prepared after filing her Notice of Appeal. That Motion describes Ms. Warren's difficult financial circumstances and states that she has been or is unable to maintain records, pay for legal documents, or obtain transportation to and from court. But it does not show excusable neglect in failing to prosecute this appeal, nor does it rise to the level of showing extraordinary circumstances warranting relief from the court's dismissal of Ms. Warren's appeal.

Ms. Warren does, however, attempt to respond to the court's reasoning in its Order dated December 22, 2016 that Ms. Warren could not show excusable neglect in failing to prosecute because she received notice of her legal obligations in the mail far in advance of the court's dismissal. Ms. Warren presents: a 1997 affidavit from her mother explaining that she had not received mail from the Eleventh Circuit, apparently regarding another case; and scans of two letters to Ms. Warren from third parties that evidently arrived at a forwarding address six months after they were initially mailed. These submissions do not show that Ms. Warren did not receive

2

*this court's orders* in the mail, as the law presumes that mail properly stamped, deposited, and directed to a valid address has been received, *see Konst v. Florida E. Coast Ry. Co.*, 71 F.3d 850, 851 (11th Cir. 1996), and Ms. Warren did not notify the court of any address change.

Finally, she attaches a letter from a law firm mailed to her following the dismissal of her original bankruptcy proceeding, which includes her handwritten notes. The import of this letter to her current motion is unclear.

These documents, and Ms. Warren's arguments that she has experienced ongoing financial difficulties, do not show "exceptional circumstances" demonstrating that this court should reconsider its Order dismissing this case for Ms. Warren's failure to prosecute. In the alternative, her contentions do not show "mistake, inadvertence, or excusable neglect" that would warrant reconsideration. *See* Fed. R. Civ. P. 60(b)(1); (Doc. 6 at 2–3) (discussing the standard for a grant of a Rule 60(b)(1) motion for reconsideration). Ms. Warren has repeatedly failed to demonstrate good reason for her failure to follow the court's orders or comply with her obligations to complete the record on appeal.

Accordingly, the court **DENIES** the Amended Motion to Reconsider.

**DONE** and **ORDERED** this 18th day of August, 2017.

*/s/ Karon O. Bowdre*
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE